PROVOSTY, J.
The present proceeding is-an application for a writ of mandamus to the judge of the Thirteenth judicial district court, in and for the parish of Rapides, where-the above-entitled cause is pending.
*633 On March 24th, the trial of the ease, after it had been going on for nine days, was interrupted, to be resumed on April 24th; and the attorneys of defendant applied to the stenographer, who was taking down the testimony in the case, for a copy of the testimony. The stenographer would have been willing to comply with the request, if it had not been for. instructions given him by the trial judge. Defendant’s attorneys requested the judge to withdraw the instructions. The date of this request is not shown; but on March 28th the judge addressed a letter to the stenographer, informing him that he' was free to furnish the desired copy, or not, as he judged proper. The stenographer refused to furnish the testimony, assigning as his reason that the attorneys for the plaintiff objected to his doing so, and that, “having been employed by both sides, I wish to obey each side,” adding “I would like the court to instruct me what to do.” This was on March 30th.
On April 5th, the defendant applied to the trial judge for a rule on the clerk of the trial court to show cause why a transcript of the said testimony should not be at once filed in the records in the case. The judge granted this rule, but made it returnable on April 24th, the date fixed for the resumption of the trial of the case.
The defendant then, on April 11th, filed the present proceeding in this court, asking for a mandamus to the trial judge commanding him to fix an earlier date for the hearing of said rule, a date early enough to allow counsel an opportunity to read the said testimony before the resumption of the trial; and a rule nisi issued accordingly to the trial judge.
In answer to this rule the trial judge says that the petition for the rule was presented to him while he was in Colfax, parish of Grant, holding court, and that as the condition of the criminal docket of his court in that parish was such that he would have to remain in that parish and continue holding court there until the 24th of April, when he would return to Rapides parish to hold court, he fixed the rule for the latter date; it being the earliest when he could be in the parish of Rapides consistently with his judicial duties in the parish of Red River.
[1] The statute (1 Rev. Laws 1904, p. 936, § 2) is imperative that:
“It shall be the duty of the clerk of the district court to file in court within ten days of the taking of same a transcript of the testimony so reported.”
It was plainly the duty of the clerk to file such copy, and the judge was without authority to interfere in the premises; and we understand our learned Brother has recognized that much, doubtless on his attention having been called to this statute. But we do not see how he could have deserted his court in the parish of Grant to go to Rapides to try this rule.
[2] Realizing that the present proceeding might not be determined in this court soon enough to afford any relief, the relator has asked a mandamus, in the alternative, against the clerk of the trial court; and that officer has answered that his refusal of defendant’s request for the testimony was simply because of the order of the judge not to furnish same. •
As the supervisory jurisdiction of this court is limited to courts, and does not extend to officers of courts, we are not in a position to grant the writ thus asked for against the clerk of court.
The present application is therefore now denied, at the cost of the relator.